GEORGE M. LYNESS, Respondent, v. FESSENDEN LIGHT & POWER COMPANY, a Corporation, Appellant.

(171 N. W. 827.)

**Contracts — Statute of Frauds.**

The laborer is worthy of his hire.

Opinion filed March 15, 1919.

Appeal from the County Court of Wells County, Honorable *Fred Jansonious,* Judge.

Affirmed.

*B. F. Whipple,* for appellant.

"When an agreement is not made for the benefit of a third party it cannot be enforced by him." Jefferson v. Asch (Minn.) 55 N. W. 604; Parlin v. Hall (N. D.) 52 N. W. 404.

"A third party cannot sue unless he is plainly designated by the instrument as the beneficiary and the covenant or promise is made for his sole benefit." Newberry Land Co. v. New Berry (Va.) 27 S. E. 899. See also Ansteel v. Humphries (Ga.) 27 S. E. 736; Wood v. Mariority (R. I.) 14 Atl. 855; Clare v. Hatch (Mass.) 62 N. E. 250; Washburn v. Interstate Co. (Or.) 38 Pac. 620; Edwards v. Clement (Mich.) 45 N. W. 1107; Rietzloff v. Glover (Wis.) 64 N. W. 298; Bates v. Donnelly (Mich.) 24 N. W. 788; Fisher v. Lutz (Wis.) 132 N. W. 598; Clark v. Hennessey (Minn.) 142 N. W. 873.

*John A. Layne,* for respondent.

"If the defendant received property as an individual in his own behalf and agreed from that property to pay the debt of the plaintiff then he can be held." McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Moore v. Becker, 4 N. D. 314, 62 N. W. 607.

ROBINSON, J. This is an appeal from a judgment for $220.47, including costs, and from an order denying a motion for judgment contrary to the verdict. The claim is for dray work done at the request of Baldwin, and for the use and benefit of himself and the defendant. Baldwin had arranged with the defendant to construct for its operation a power line, and as a part of the arrangement it was to furnish the materials. The poles were shipped by rail to Fessenden and were billed to "the Fessenden Light & Power Company." The drayage work of the plaintiff was to get from the railroad depot and yards the material shipped to the defendant and to distribute the same along the line, so in reality the building of the line was a joint venture between Baldwin and the defendant. When the work was done Baldwin made to the company a bill of sale for his interest in the line and his interest in contracts with some ten persons, who each agreed to pay and contribute a nice sum of the expense of the line, and defendant assumed and agreed

to pay for the work of constructing the line. It was not merely an agreement to pay the debt of another. The construction of the line was a joint enterprise; the work of distributing the poles and materials was done as much for the benefit of the company as for the benefit of Baldwin. Indeed, the company was the real and principal party and the only party that has enjoyed, and continues to enjoy the benefit of the plaintiff's work. The verdict and judgment is clearly right.

Affirmed.